## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| JAMES DAR-RELL JOHNSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 2:19-cv-01950-AMM-JHE |
| | ) | |
| DEBORAH TONEY, et al., | ) | |
| | ) | |
| Respondents. | ) | |

## MEMORANDUM OPINION

This case is before the court on Petitioner James Dar-Rell Johnson's petition for a writ of habeas corpus. Doc. 1. For the reasons explained below, Mr. Johnson's petition is **DENIED**.

## BACKGROUND

This is a *pro se* habeas case filed pursuant to 28 U.S.C. § 2254. *Id.* In his habeas petition, Mr. Johnson asserted four claims: (1) invalid indictment; (2) ineffective assistance of trial counsel; (3) ineffective assistance of appellate counsel; and (4) insufficient evidence to support the conviction. *Id.* at 5-6; *see also* Doc. 14 at 6-7.

On August 12, 2020, the magistrate judge entered a report recommending the petition be denied. Doc. 14. The magistrate judge found that Mr. Johnson's claim of invalid indictment is not a cognizable federal claim and is procedurally defaulted.

*Id.* at 12. The magistrate judge found that Mr. Johnson's claim of ineffective assistance of counsel with respect to his original trial counsel, Jody Tallie, is unexhausted and procedurally defaulted. *Id.* at 13. The magistrate judge collectively addressed Mr. Johnson's claims against his other trial counsel (William Hill) and his appellate counsel (Roger Brannum) and found that the state appellate court did not apply an incorrect legal standard or make an unreasonable determination of the facts. *Id.* at 17-18. Finally, the magistrate judge found that the state court's rejection of Mr. Johnson's insufficient evidence claim was neither contrary to nor an unreasonable application of applicable law. *Id.* at 21. The magistrate judge informed Mr. Johnson of his right to object within fourteen calendar days of his report and recommendation. *Id.* at 21-22.

Since the entry of the magistrate judge's report and recommendation, Mr. Johnson has made four filings. On August 31, 2020, Mr. Johnson filed his "specific written objections to this report and recommendation diligently after receiving Aug. 17, approximately on/around/thereafter 6:30 pm." Doc. 15. On September 4, 2020, Mr. Johnson filed his "Rule 15(d) Motion For Leave To Freely Amend with Attached Amended Response." Doc. 16. On October 16, 2020, Mr. Johnson filed his "Motion For Leave To Freely Amend With Attached Exhibits And Amended Response." Doc. 17. On November 20, 2020, Mr. Johnson filed his "Motion for

Leave To Freely Amend With Attache[d] Exhibits And Amended Response." Doc. 18.

To the extent Mr. Johnson's filings are motions for leave to amend, they are **DENIED** as untimely and duplicative. To the extent Mr. Johnson's filings are objections to the report and recommendation, the court addresses them below.

## STANDARD OF REVIEW

The court reviews *de novo* objected-to factual and legal rulings of a magistrate judge's report and recommendation. *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989). The court reviews for plain error those portions that are not specifically objected to. *See* 11th Cir. R. 3-1; *see also* Doc. 14 at 21-22 (warning parties that failure to object would bar further review, except for plain error).

## ANALYSIS OF OBJECTIONS

### I.   The court accepts the magistrate judge's recommendations concerning Mr. Johnson's claims in his habeas petition.

Mr. Johnson objects to the magistrate judge's report and recommendation on the ground that the magistrate judge applied the "wrong law," "incorrectly decide[d] the facts," and "fail[ed] to consider important grounds for relief." Doc. 15 at 1. Mr. Johnson's objections relate to his assertion that his petition should be granted because (1) his indictment was invalid; (2) he was deprived of effective assistance of counsel; and (3) his conviction was based on insufficient evidence. The court considers each category of objections in turn.

3

### A. Invalid Indictment Objections

As explained in the report and recommendation, Mr. Johnson claims he is entitled to habeas relief because he was indicted for the offense of murder before the victim died. *See id.* at 11. In his objections, Mr. Johnson repeats his allegations regarding the indictment from his habeas petition: first, that the indictment is dated July 28, 2008, the date of the attack, and second, that his original trial counsel, Jody Tallie, handed him a copy of the indictment in August 2008, when the victim was still alive. Doc. 1 at 15; Doc. 15 at 8, 11, 37; Doc. 17 at 11; Doc. 18 at 3-4. To support his claim, Mr. Johnson provides the court what appears to be a blank or incomplete copy of the indictment. Doc. 1 at 40-41; Doc. 17 at 16-17; Doc. 18 at 30-31. In contrast, the certified state court record indictment includes the date of indictment (September 11, 2008), the signature of the clerk, and the signature of the judge affixing bail. Doc. 6-1 at 18-21.

These objections do not attack, let alone undermine, the magistrate judge's determination that Mr. Johnson's challenge to the defective indictment is procedurally defaulted and failed to raise a cognizable federal claim. Doc. 14 at 13. The court thus **OVERRULES** Mr. Johnson's objections regarding the validity of the indictment, *see* Doc. 15 at 33-38, Doc. 17 at 2, and Doc. 18 at 8-9.

**B. Ineffective Assistance of Counsel Objections**

Mr. Johnson raises various objections regarding the magistrate judge's recommendation with respect to his claim of ineffective assistance of counsel. First, Mr. Johnson argues that the magistrate judge erroneously reported that he did not file a petition for writ of certiorari on collateral review and that the magistrate judge erroneously reported that his ineffective assistance of counsel claims were unexhausted. Doc. 15 at 32-33. Mr. Johnson is mistaken. The magistrate judge correctly reported that Mr. Johnson filed his certiorari petition and exhausted his claims against attorneys William Hill and Roger Brannum. Doc. 14 at 14. Therefore, the court **OVERRULES** Mr. Johnson's objection regarding his petition for writ of certiorari on collateral review as to attorneys William Hill and Roger Brannum.

Second, Mr. Johnson quotes the magistrate judge's report and recommendation, Doc. 14 at 6, which states that he challenged the effectiveness of Jody Tallie, William Hill, and Roger Brannum in his petition for writ of certiorari. Doc. 15 at 30-31. The inclusion of a claim about Jody Tallie's effectiveness in the report's analysis of Mr. Johnson's collateral appeal appears to be a scrivener's error given that the report recommended the claim regarding Jody Tallie's effectiveness be dismissed as unexhausted and procedurally defaulted for failure to raise it during the collateral proceedings. *See* Doc. 14 at 6, 13. The certiorari petition concentrates on the ineffectiveness of William Hill and Roger Brannum, although it mentions

5

Jody Tallie. Doc. 8 at 26-28, 30-31. Even if Mr. Johnson's allegations in his writ of certiorari are read to include Jody Tallie, he has failed to exhaust the claim, and it is now procedurally defaulted. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989) ("submission of a new claim to a State's highest court on discretionary review" does not constitute "a fair presentation"). Therefore, to the extent Mr. Johnson objects to the dismissal of his claim related to Jody Tallie, such objection is **OVERRULED**.

Next, Mr. Johnson states that the magistrate judge failed to examine the entire record when considering his ineffectiveness claims, arguing the report contains "a carbon copy of the Alabama Court of Criminal Appeals" opinion. Doc. 15 at 13. The report quotes the appellate court's opinion because the court must apply section 2254(d) and determine whether the appellate court's decision is contrary to or an unreasonable application of clearly established Supreme Court precedent, or whether it is based upon an unreasonable determination of the facts in light of the evidence before it. Accordingly, Mr. Johnson's objection is **OVERRULED**.

Mr. Johnson's final objection to the recommended denial of his ineffectiveness claims is grounded in his contention that the Alabama Court of Appeals unreasonably found that the murder indictment was signed on September 11, 2008, and therefore erroneously concluded that counsel was not objectively deficient for failure to challenge the indictment. As noted above, Mr. Johnson's assertions that (1) the September 11, 2008, indictment is fake and (2) an unsigned

6

indictment dated July 29, 2008, which his attorney allegedly handed to him in August 2008, shows that he was indicted prior to the victim's death do not satisfy his burden to demonstrate with clear and convincing evidence that the appellate court's factual finding based on the record evidence was unreasonable. Mr. Johnson's objection is **OVERRULED**.

The only other evidence Mr. Johnson relies upon to support his position that his counsel was ineffective in challenging the indictment is an excerpt of the trial court's reading of count two of the indictment to jury, when the judge stated "well, they didn't put a date in here," Doc. 6-3 at 4, before announcing that the indictments for both offenses were returned by the grand jury in September 2008. Doc. 15 at 5. As stated in the report and recommendation, federal courts presume the correctness of factual determinations by state courts, subject to rebuttal only upon a showing of clear and convincing evidence. 28 U.S.C. §2254(e)(1). Mr. Johnson's evidence fails to overcome the deference owed to the Alabama Court of Criminal Appeals' factual findings.

### C. Sufficiency of the Evidence Objection

Finally, Mr. Johnson's objections quote from portions of the record to support arguments he previously made about the sufficiency of the evidence to sustain his conviction. Doc. 15 at 20-22. The court finds that the magistrate judge correctly reported that the state court's rejection of this claim is neither contrary to nor an

unreasonable application of *Jackson v. Virginia,* 443 U.S. 307, 316 (1979) and its progeny. To the extent Mr. Johnson objects to the sufficiency of the evidence determination by the magistrate judge, his objections are **OVERRULED**.

**II.  Mr. Johnson's allegations regarding mail tampering, missing documents, and incomplete records do not provide additional or separate grounds for habeas relief.**

Mr. Johnson makes additional allegations in his filings, but they do not provide grounds for habeas relief. First, Mr. Johnson makes allegations concerning his receipt of legal mail. Doc. 15 at 20, 22-27; Doc. 16 at 1; Doc. 18 at 17-18. Mr. Johnson states that on February 15, 2019, a box of legal mail from Respondents' counsel was unsealed and dumped out by Lt. Shawn Bright before it could be inspected by Mr. Johnson. Doc. 16 at 1-2. When Mr. Johnson arranged the papers "back in its order" he discovered vital documents had been removed. *Id.* at 1. Mr. Johnson alleges Respondents' counsel conspired to commit fraud against his case and engaged in the same "wrongfulness" as the prosecuting attorneys and trial and appellate judges associated with the case. *Id.* at 4-5. He requests the court order Respondents' counsel to "answer[,] show cause[,] and provide" the missing records. *Id.* at 1.

The record before the court indicates that Mr. Johnson has many of the documents alleged to be missing. For example, Mr. Johnson attached the City of Pelham arrest and incident reports as well as the autopsy report to his habeas petition.

8

Doc. 1 at 36-39, 45-53. Mr. Johnson also alleges that his medical records from the Birmingham Veteran's Medical Facility and Shelby Baptist Medical Center were not provided to him. However, these documents were not admitted as evidence in the trial and are properly excluded from the trial record. Nevertheless, various witnesses testified to the information contained in the records, and their testimony is reflected in the trial transcript. *See* Doc. 6-3 at 82-106, 120-26, 146-56; Doc. 6-4 at 68-69, 77-81.

Mr. Johnson also alleges that 209 pages of trial transcript are missing. Doc. 16 at 3. He asserts that although the clerk certified the record on appeal is 646 pages, the trial transcript is only 437 pages. *Id.* at 4. But the record on appeal includes the trial transcript, sentencing transcript, the court record, and certifications and indexes, which altogether total 646 pages. Doc. 6-5 at 41.

Mr. Johnson also demands a copy of the "first unsign[ed] copy of the indictment dated [July 29, 2008]," which is the day he attacked the victim and was arrested and charged with assault and disorderly conduct. Doc. 16 at 2. However, Mr. Johnson attached a copy of this document to his petition. Doc. 1 at 5, 40-41.

Mr. Johnson's allegations regarding tampered mail, missing documents, and incomplete records are **OVERRULED**. To the extent Mr. Johnson seeks further discovery, the request is **DENIED**.

## CONCLUSION

After careful review of the record, the magistrate judge's report, and the objections thereto, the court **ADOPTS** the report of the magistrate judge and **ACCEPTS** his recommendation. In accordance with the recommendation, the court finds that the petition in this matter is due to be **DENIED** and this action **DISMISSED WITH PREJUDICE**. A separate order will be entered.

The court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), or that "the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations omitted). The court finds that Mr. Johnson's claims do not satisfy either standard.

**DONE** and **ORDERED** this 9th day of December, 2020.

_____
**ANNA M. MANASCO**
UNITED STATES DISTRICT JUDGE